UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE RAMOS,

    Plaintiff

    -against-

PILLER, INC.

    Defendant.

07 CIV. 4047

COMPLAINT

Jury trial demanded

ROBINSON
ECF Case

## INTRODUCTION

1. Plaintiff brings this lawsuit alleging gender discrimination based upon pregnancy against her former employer, defendant Piller, Inc. pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* and New York Executive Law §296.

## PARTIES

2. Plaintiff Nicole Ramos resides in Middletown, County of Orange, New York, within the Southern District of New York.

3. Defendant Piller, Inc., a Delaware corporation, does business at 45 Turner Road, Middletown, County of Orange, New York, within this judicial district.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 & 1343(3) & (4), 42 U.S.C. §2000e.

5. In June 2006, plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission. On or about April 23, 2007, plaintiff received a Notice of Right to Sue. This lawsuit is filed less than 90 days from receipt of that notice.

6. Since all events alleged in this Complaint occurred in Orange County, New York, venue

is properly found in this judicial district.

**FACTS**

7.  On or about July 16, 2002, plaintiff commenced working for Piller.

8.  During the course of her employment, plaintiff was an accountant and project administrator in defendant's Middletown location and was also responsible for accounts receivable.

9.  At all times relevant to this lawsuit, plaintiff was a good employee whom management praised for her job performance.

10. In or about late 2003, plaintiff took maternity leave without incident.

11. On January 1, 2005, a new company, Langley Holdings (based in Great Britain) acquired Piller.

12. In early February 2006, before plaintiff discovered that she was pregnant, Chief Executive Officer Bernard Watson commended her job performance and said the company was lucky to have her. Plaintiff also learned through the Human Resources office that she could take accounting courses at company expense.

13. On or about February 14, 2006, plaintiff learned that she was pregnant. Later that month, she told her boss, Comptroller Michael Haber, that she was pregnant.

14. Although Haber was plaintiff's immediate supervisor and regularly discussed work-related matters with her, after she told him about her pregnancy, Haber stopped communicating with her and excluded her from important meetings.

15. In March 2006, plaintiff became very sick with a pregnancy-related illness and spent two days in the hospital.

16. On April 7, 2006, two weeks after plaintiff returned to work, Haber fired her, claiming

that the company was eliminating her position.

17. This "justification" was untrue. Immediately after plaintiff was fired, defendant re-hired Angelica Hoffman, a former employee, to handle all of plaintiff's former job duties.

18. As a consequence of defendant's illegal conduct toward her, plaintiff has lost wages, benefits and other perquisites of employment, was unable to secure comparable employment and suffered emotional pain and distress.

**CLAIMS**

19. Plaintiff incorporates the allegations in paragraphs 1-18 as if fully restated herein.

20. Defendant knowingly and willfully discriminated against plaintiff on the basis of her pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* and New York Executive Law §296.

21. As a result of defendant's illegal misconduct, plaintiff suffered lost wages and benefits as well as emotional pain and distress.

WHEREFORE, plaintiff prays that this Honorable Court:

    a. accept jurisdiction over this matter;

    b. empanel a jury to fairly hear and decide this matter;

    c. reinstate plaintiff to her position with defendant;

    d. award to plaintiff back and front pay;

    e. award to plaintiff compensatory damages sustained as a result of defendant's discriminatory practices;

    f. award to plaintiff punitive damages for defendant's willful and outrageous conduct in violation of her Federally-protected rights; and

    g. award any other relief deemed just and proper.

Dated:    May 9, 2007
              Chester, New York

Respectfully submitted,

S/ *Helen G. Ullrich*
HELEN G. ULLRICH (HU 6597)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff