UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

NICOLE RAMOS,

                              Plaintiff,                          **ANSWER**

-against-                                                         Civil Action No.
                                                                         07-CV-4047 (SCR)

PILLER, INC.,

                              Defendant.
_____

        Defendant Piller, Inc. ("Piller"), by and through its attorneys, Iseman, Cunningham, Riester & Hyde, LLP, as and for its Answer to plaintiff's Complaint:

## INTRODUCTION

        1.     The allegations of paragraph 1 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied. If and to the extent a response is deemed to be required, Piller denies each and every allegation in Paragraph 1 of the Complaint, except admits that plaintiff purports to assert claims and seek relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the New York State Executive Law §§ 296 and 297.

## PARTIES

        2.     Piller denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, except admits that Middletown, New York is within the Southern District of New York.

        3.     Piller admits the allegations of paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. The allegations in paragraph 4 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied. If and to the extent a response is deemed to be required, Piller denies each and every allegation in paragraph 4 of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 42 U.S.C. § 2000e.

5. Piller denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, except admits, upon information and belief, that plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission on June 16, 2006.

6. Piller refers any questions regarding the proper venue of this action to the Court, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

## NATURE OF CLAIM

7. Piller admits the allegations contained in paragraph 7 of the Complaint.

8. Piller denies the allegations in paragraph 8 of the Complaint, except admits that plaintiff has been responsible for accounts receivable while employed at Piller's Middletown location.

9. Piller denies the allegations of paragraph 9 of the Complaint.

10. Piller denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Piller denies the allegations of paragraph 11 of the Complaint.

12. Piller denies knowledge or information sufficient to form a belief as to the date that plaintiff discovered that she was pregnant; admits that plaintiff was informed that Bernard Watson had commended her performance and stated that Piller was lucky to

have her; admits that plaintiff was informed by the Human Resource office that she could take accounting courses at Piller's expense; and otherwise denies the allegations in paragraph 12 of the Complaint.

13. Piller denies knowledge or information sufficient to form a belief as to the date that plaintiff discovered that she was pregnant, and otherwise denies the allegations in paragraph 13 of the Complaint.

14. Piller denies the allegations of paragraph 14 of the Complaint, except admits that Michael Haber was plaintiff's immediate supervisor and regularly discussed work-related matters with her.

15. Piller denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Piller denies the allegations of paragraph 16 of the Complaint, except admits that plaintiff's employment was terminated on April 7, 2006.

17. Piller denies the allegations of paragraph 17 of the Complaint, except admits that Angelica Hoffman was re-hired by Piller after plaintiff was terminated.

18. Piller denies the allegations of paragraph 18 of the Complaint.

## CLAIMS

19. With respect to the allegations of paragraph 19 of the Complaint, Piller repeats the admissions and denials otherwise interposed herein.

20. Piller denies the allegations of paragraph 20 of the Complaint.

21. Piller denies the allegations of paragraph 21 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. The Complaint fails to state a cause of action against Piller upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. The claims in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. To the extent that plaintiff's Title VII claims are based on acts that purportedly occurred more than 300 days before she filed her Charge of Discrimination with the EEOC, such claims are untimely.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. To the extent that plaintiff's Title VII claims are based upon allegations that were not asserted in her EEOC Charge of Discrimination, she is barred from asserting such claims.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26. To the extent that plaintiff sought administrative relief with the EEOC and/or the New York State Division of Human Rights, some or all of plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative prerequisites to suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27. All actions taken or omitted by Piller with respect to plaintiff were taken or omitted for legitimate, non-discriminatory business reasons and would have been taken or omitted irrespective of plaintiff's gender or pregnancy.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28. All actions taken or omitted by Piller with respect to plaintiff were taken or omitted in good faith, without any malice, evil motives, callous indifference, reckless indifference or willfulness.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

29. Some or all of plaintiff's claims are barred by her election of remedies.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

30. Plaintiff has failed to mitigate her damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims for punitive damages are barred, in whole or in part, by the United States and New York Constitutions and/or by the statutes under which this action purportedly is brought.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

32. Plaintiff may not recover punitive or compensatory damages in excess of the statutory limits set forth in the various federal statutes upon which she relies.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

33. Any damages which plaintiff seeks must be offset by payments which she has received from the New York Workers' Compensation Board, the New York State Department of Labor, the United States Social Security Administration, or any private or governmental agency or insurance carrier which has provided benefits to plaintiff.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

34. To the extent that Plaintiff failed to commence this action within 90 days of her receipt of a "Right to Sue" letter from EEOC, her claims are barred.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

35. Plaintiff has failed to allege conduct sufficiently egregious to justify an award of punitive damages.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

36. Plaintiff has not properly invoked supplemental jurisdiction over her claims under New York State law.

WHEREFORE, defendant Piller, Inc., respectfully requests that the Court enter a judgment as follows:

    (a)    dismissing the Complaint in its entirety;

    (b)    granting defendant its costs and disbursements in this action; and

    (c)    awarding defendant such other and further relief as the Court deems just and proper.

DATED:    July 31, 2007

    ISEMAN, CUNNINGHAM, RIESTER & HYDE, LLP

    /s/ James P. Lagios
    James P. Lagios (JL-1976)
    Attorneys for Defendant Piller, Inc.
    2649 South Road, Suite 230
    Poughkeepsie, New York 12601
    (845) 473-8100

TO:    Helen G. Ullrich, Esq.
    BERGSTEIN & ULLRICH, LLP
    Attorneys for Plaintiff
    15 Railroad Avenue
    Chester, New York 10918
    (845) 469-1277